IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIA PATRICIA FLORES, § <br> PLAINTIFF § <br> § <br> VS. § <br> § <br> PANTHER II TRANSPORTATION, INC., § <br> AND ULISES CREAGH TORRES, § <br> DEFENDANTS. § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Maria Patricia Flores complaining of and about Defendants PANTHER II TRANSPORTATION, INC. and Ulises Creagh Torres, and respectfully state the following:

## 1. PARTIES AND SERVICE

1.1   Plaintiff Maria Patricia Flores ("Plaintiff") is an individual and resident of Laredo, Webb County, Texas.

1.2   Defendant PANTHER II TRANSPORTATION, INC. is a foreign-for profit Corporation doing business in the state of Texas under the assumed name PANTHER PREMIUM LOGISTICS ("Defendant PANTHER PREMIUM LOGISTICS") at the time of the auto/pedestrian collision alleged in this complaint and may be served with process by serving its agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th St., Ste. 620, Austin, Texas 78701. Pursuant to Tex. R. Civ. Proc. 28, Panther II Transportation, Inc is being sued under any assumed name, common name, or other name under which it does business including Panther Premium Logistics.

1.3     Defendant Ulises Creagh Torres is a resident of Miami, Florida, and may be served with process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin Texas 78701, who can forward process to Ulises Creagh Torres to 2501 NW 7th Street 112, Miami, Florida 33125.

## 2. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(l) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to Title 28 U.S.C. § 1391(b) because the cause of action arose within the Southern District of Texas, Laredo Division.

2.3     Venue is proper in this district under 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred in this district.

## 3. FACTUAL BACKGROUND

### The Collision

3.1     This case arises from an auto-pedestrian collision involving the Plaintiff and a Cargo Van driven by Defendant Ulises Creagh Torres, owned by Defendant PANTHER PREMIUM LOGISTICS, which occurred in the private parking lot of a Love's gasoline station on February 16, 2021, in LaSalle County, Texas. Defendant Ulises Creagh Torres was operating the Cargo Van while in the scope and course of his employment with Defendant PANTHER PREMIUM LOGISTICS.

3.2     At the time of the collision, the gasoline station parking lot was filled with pedestrians and motor vehicles. The Plaintiff had exited the Love's gasoline station building and was walking toward her vehicle. On her way, the Plaintiff walked between vehicles parked in the

spaces in front of the Love's gasoline station building and made sure it was safe to enter the parking lot aisle where the auto-pedestrian collision occurred before doing so.

3.3     In that instant, Defendant Ulises Creagh Torres maneuvered the Cargo Van to exit the space where the Cargo Van was parked and turned right entering the parking lot aisle where the Plaintiff was walking only several feet in front of the Cargo Van. The Cargo Van Defendant Ulises Creagh Torres was driving made contact with the Plaintiff's body and the Plaintiff came down on the parking lot surface. Bystanders screamed to Defendant Ulises Creagh Torres, "Stop!"

3.4     After the collision, Defendant Ulises Creagh Torres admitted to law enforcement that while he began driving he turned his eyes down for a moment to open his drink. He also admitted to law enforcement that while he was driving to leave, he did not see the Plaintiff walking in front of his path of travel, and that when he did see the Plaintiff in front of the Cargo Van, he braked and then reversed the Cargo Van.

3.5     It is believed that Defendant Ulises Creagh Torres drove the Cargo Van over the Plaintiff's right lower leg twice. The first time occurred when Defendant Ulises Creagh Torres struck the Plaintiff's body while driving the Cargo Van forward, and the second time occurred when Defendant Ulises Creagh Torres reversed the Cargo Van after the Plaintiff had come down on the parking lot surface and was under the Cargo Van.

3.6     Prior to the impact, Defendant Ulises Creagh Torres was not focused on his driving and clearly was distracted.  Defendant Ulises Creagh Torres was inattentive to his surroundings and failed yield right of way to a pedestrian.

3.7     Additionally, Defendant Ulises Creagh Torres attention to a non-driving related activity, turning his eyes down for a moment to open his drink, created a hazard and was a detriment to his driving performance and safe operation of his motor vehicle.  Due to his distracted

state, he was incapable and/or slow to perceive that the Plaintiff was walking in his path of travel only feet in front of the Cargo Van he was responsible for driving, and he was delayed in his decision making. Defendant Ulises Creagh Torres could have prevented striking the Plaintiff's body with the Cargo Van, but Defendant Ulises Creagh Torres' eyes and attention were off the path of travel in front of the Cargo Van he was operating because he turned his eyes down for a moment to open his drink while driving the Cargo Van. If Defendant Ulises Creagh Torres attention had been on the path in front of him, he would have had enough time for making proper driving decisions and he would have been able to control the vehicle he was driving. Just before the collision, Defendant Ulises Creagh Torres was not prepared to slow down and yield or stop when the Cargo Van was approaching the Plaintiff. Distraction and inattention are the primary causes of this auto-pedestrian collision. Defendant Ulises Creagh Torres also failed to follow the basic rule that pedestrians have the right of way.

3.8    As a result of the occurrence, the Plaintiff has suffered severe injuries and damages.

<u>The Injuries</u>

3.9    As a direct and proximate result of the collision, Plaintiff has suffered physical and emotional injuries and damages in varying degrees. The Cargo Van's contact with the Plaintiff body caused the Plaintiff loss of consciousness, a traumatic brain injury, fractures to the Plaintiff's kneecap and right tibial bone with tearing of muscles and ligaments, skull fractures and jaw fractures, lacerations and abrasions, and multiple other symptoms stemming from her injuries such as tinnitus, complete hearing loss in her right ear, depression, post-concussive symptoms, physical limitations, and chronic pain. The Plaintiff has undergone extensive surgeries, medical treatment, physical therapy, pain injections, medications, and psychotherapy/counseling. As a result of physical and emotional injuries, the Plaintiff has incurred reasonable and necessary medical

expenses and, in all probability, will continue to incur reasonable and medical expenses in the future.

<u>The Employment Relationship Between the Defendants & The Resulting Vicarious Liability</u>

3.10 At the time of the collision, Defendant Ulises Creagh Torres was an employee of Defendant PANTHER PREMIUM LOGISTICS, and he was acting within the course, scope, and in furtherance of his employment. Pleading further, and in the alternative, Defendant Ulises Creagh Torres was a statutory employee under the Statutory Employee Doctrine. In this regard, an interstate motor carrier such as Defendant PANTHER PREMIUM LOGISTICS is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997). As a result, Defendant PANTHER PREMIUM LOGISTICS had exclusive control of the Cargo Van operated by Defendant Ulises Creagh Torres, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). Thus, Defendant PANTHER PREMIUM LOGISTICS is vicariously liable, jointly and severally, as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Ulises Creagh Torres.

3.11 Alternatively, Defendant PANTHER PREMIUM LOGISTICS is vicariously liable with respect to all negligent acts and/or omissions by Defendant Ulises Creagh Torres under traditional common law doctrines of the master-servant relationship and *respondeat superior*.

## 4. NEGLIGENCE CAUSE OF ACTION AGAINST ULISES CREAGH TORRES

4.1 Defendant Ulises Creagh Torres had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

4.2     Plaintiff's injuries were proximately caused by Defendant Ulises Creagh Torres' negligent, careless and reckless disregard of said duty.

4.3     The negligent, careless and reckless disregard of duty by Ulises Creagh Torres consisted of, but is not limited to, the following acts and omissions:

- 4.3.1  failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
- 4.3.2  failing to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;
- 4.3.3  failing to keep a proper lookout to avoid colliding with the Plaintiff, as done by a person of ordinary prudence under the same or similar circumstances;
- 4.3.4  failing to apply the brakes to the Cargo Van in a timely and prudent manner;
- 4.3.5  placing Plaintiff in a position of peril due to Defendant Ulises Creagh Torres' lack of due care and exercise of ordinary prudence of a person of his maturity and capacity§ 545.401 of the Texas Transportation Code;
- 4.3.6  failing to take evasive action to avoid colliding with the Plaintiff;
- 4.3.7  failing to use the Cargo Van's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;
- 4.3.8  operating the Cargo Van in violation of hours-of-service regulation, 49 C.F.R., 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;
- 4.3.9  failing to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.3.10  failing to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 396.13;

4.3.11  operating his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

4.3.12  driving a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15;

4.3.13  driving recklessly;

4.3.14  failing to safely operate a commercial vehicle by being unable to control its speed and direction;

4.3.15  failing to come to a smooth, safe stop in front of the Plaintiff;

4.3.16  failing to drive safely by avoiding the kind of driving that creates dangerous situations;

4.3.17  failing to correctly perceive the risk involved in the driving situation he was in at the time of the collision;

4.3.18  failing to look for pedestrians ahead;

4.3.19  failing to be cautions around pedestrians;

4.3.20  failing yield right of way to a pedestrian;

4.3.21  failing to look at the travel lane immediately prior to the impact;

4.3.22  failing to focus his attention in the driving task;

4.3.23  failing to have concern for the others using the parking lot aisle where the collision occurred;

4.3.24  being distracted by non-driving activities;

    4.3.25  failing to detect or fix his eyes on the Plaintiff as she walked on the parking lot aisle;

    4.3.26  failing to have awareness of what was about to happen;

    4.3.27  failing to scan ahead for developing situations and dangers;

    4.3.28  failing to quickly and accurately perceive and respond to risk and danger;

    4.3.29 failing to comprehend a danger ahead;

    4.3.30 failing to execute a maneuver to evade the danger;

    4.3.31 failing to either slow down or stop the Cargo Van;

    4.3.32  failing to look far enough ahead to have enough distance and time to safely stop;

    4.3.33  failing to slow down and preparing to stop;

    4.3.34  failing to realize how fast he was approaching a moving pedestrian;

    4.3.35  failing to adjust his speed because of driving conditions;

    4.3.36  failing to react adequately to a hazard seen ahead;

    4.3.37  failing to estimate the correct distance and time necessary to stop safely in front of the Plaintiff;

    4.3.38  failing to adequately manage the space around his vehicle to have time to safely stop his vehicle;

    4.3.39  failing to have enough space around his vehicle to suddenly stop safely;

    4.3.40  being distracted by non-driving activities;

    4.3.41  failing to keep his eyes and attention on his path of travel ahead.

    4.4     Plaintiff's injuries were proximately caused by Defendant Ulises Creagh Torres' negligent, careless, and reckless disregard of said legal duties.

4.5     Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all which Plaintiff have suffered and which Plaintiff will continue to suffer in the future.

4.6     The above-referenced acts and/or omissions by Defendant Ulises Creagh Torres constituted gross negligence and/ or malice as those terms are defined in § § 41.001 (7) and 41.001 (11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant Ulises Creagh Torres was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Ulises Creagh Torres was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.7     Defendant Ulises Creagh Torres' acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.8     Defendant Ulises Creagh Torres had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 5. NEGLIGENCE CAUSE OF ACTION AGAINST PANTHER PREMIUM LOGISTICS

5.1     Additionally, Defendant PANTHER PREMIUM LOGISTICS was independently negligent in one or more of the following respects:

      a.     negligent hiring of Defendant Ulises Creagh Torres;

      b.     negligent entrustment of the Cargo Van to Defendant Ulises Creagh Torres;

      c.     negligent driver qualification of Defendant Ulises Creagh Torres;

      d.     negligent training and supervision of Defendant Ulises Creagh Torres;

      e.     negligent retention of Defendant Ulises Creagh Torres;

      f.     negligent contracting of Defendant Ulises Creagh Torres; and,

      g.     negligent maintenance of the subject commercial motor vehicle.

5.2     As described herein, Defendant PANTHER PREMIUM LOGISTICS was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.3     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and damages and other losses as specifically set forth herein, all which Plaintiff suffered and will continue to suffer in the future.

5.4     The above-referenced acts and/or omissions by Defendant PANTHER PREMIUM LOGISTICS constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE.

5.5     Defendants PANTHER PREMIUM LOGISTICS and Ulises Creagh Torres were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants PANTHER PREMIUM

LOGISTICS and Ulises Creagh Torres were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.6    The acts or omissions by Defendants PANTHER PREMIUM LOGISTICS and Ulises Creagh Torres described above, when viewed from their standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.7    Defendants PANTHER PREMIUM LOGISTICS and Ulises Creagh Torres had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.8    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 6. PERMISSIVE USE THEORY

6.1    Defendant PANTHER PREMIUM LOGISTICS gave Defendant Ulises Creagh Torres direct permission to use and operate the Cargo Van involved in the collision on the streets and public highways of the State of Texas on February 16, 2021, and Defendant PANTHER PREMIUM LOGISTICS is liable for the conduct of Defendant Ulises Creagh Torres.

## 7. NEGLIGENT ENTRUSTMENT

7.1    Defendant PANTHER PREMIUM LOGISTICS entrusted to Defendant Ulises Creagh Torres the Cargo Van driven by Defendant Ulises Creagh Torres which Defendant Ulises Creagh Torres collided with Plaintiff's body.

7.2    Defendant Ulises Creagh Torres was an incompetent and reckless driver.

7.3     Defendant PANTHER PREMIUM LOGISTICS knew or should have known that Defendant Ulises Creagh Torres was incompetent and reckless.

7.4     Defendant PANTHER PREMIUM LOGISTICS was negligent at the time of Plaintiff's injury.

7.5     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

## 8. RESPONDEAT SUPERIOR/AGENCY

8.1     At the time of the collision, Defendant Ulises Creagh Torres was an employee, agent, and/or servant of Defendant PANTHER PREMIUM LOGISTICS and he was performing acts within the scope and course of his employment with Defendant PANTHER PREMIUM LOGISTICS. Defendant PANTHER PREMIUM LOGISTICS is liable for the misconduct and negligence of Defendant Ulises Creagh Torres under the doctrine of *respondeat superior* and agency.

## 9. PRINCIPAL AGENT THEORY

9.1     Defendant Ulises Creagh Torres was employed by Defendant PANTHER PREMIUM LOGISTICS as its authorized agent, servant and/or employee. As such, Plaintiff hereby sues Defendant PANTHER PREMIUM LOGISTICS on the basis of the principal-agent theory. Defendant PANTHER PREMIUM LOGISTICS is liable, accountable, and/or responsible for the negligent actions of its employee Defendant Ulises Creagh Torres.

## 10. EXEMPLARY DAMAGES

10.1    Plaintiff injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code. The above-referenced acts and/or omissions by Defendants also, or alternatively,

constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

10.2   Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff request exemplary damages in an amount to be determined by a jury.

## 11. DAMAGES FOR PLAINTIFF

11.1   As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff sustained personal injuries which have resulted in losses and damages recoverable by law.

11.2   Plaintiff requests the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine a sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

11.3   From the date of the collision until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

11.4   Reasonable medical care and expenses in the past which were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

11.5   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

11.6   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

11.7   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

11.8   From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

11.9   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff injuries in the future beyond the time of trial;

11.10   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

11.11   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

11.12   Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

11.13   The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 12. INTEREST ON DAMAGES

12.1   To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if she is not allowed such pre and post judgment interest, she would not

be fully compensated, and she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the collision and the time of judgment.

### 13. PRE-EXISTING CONDITION

13.1   Alternatively, if it is shown that Plaintiff, prior to the occurrence, had pre-existing medical, physical and/or psychological conditions, then Plaintiff sustained aggravation of such pre-existing medical, physical and/or psychological conditions. More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating. The occurrence and the conduct of Defendants has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's injuries caused by the Defendants' conduct, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. Plaintiff has also sustained additional mental anguish because of this increased vulnerability, which in reasonable probability Plaintiff will experience for the remainder of Plaintiff's life.

### 14. SUBSEQUENT CONDITION

14.1   Pleading further, if it is shown that Plaintiff suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

### 15. JURY DEMAND

15.1   Plaintiff requests a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Maria Patricia Flores prays that the Defendants PANTHER PREMIUM LOGISTICS and Ulises Creagh Torres be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered in favor of the Plaintiff against Defendants PANTHER PREMIUM LOGISTICS and Ulises Creagh Torres, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Roderick C. Lopez, P.C.
6557 Metro Court, Ste. 1
Laredo, Texas 78041
Tel. (956) 568-5028
Fax. (956) 728-0883
Email:   filings@rlopezpc.com
             rick@rlopezpc.com

By: _____
Roderick C. Lopez
Federal Bar No. 33626
Texas Bar No. 24034544

*Attorney for Plaintiff Maria Patricia Flores*